## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Darren Brady

      v.                               Case No. 20-cv-208-PB

Wendy E. Roberts et al.

### REPORT AND RECOMMENDATION

Plaintiff Darren Brady, proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 alleging that the defendants — Lancaster Prosecutor Wendy E. Roberts, Lancaster Police Officer Rian Matthews (in his individual capacity), and Lancaster Town Manager Ed Samson – unlawfully arrested and prosecuted him, thus depriving him of his constitutional rights. His complaint (Doc. No. 1) is before the magistrate judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### I.   Preliminary review standard

The court conducts a review of cases filed by pro se plaintiffs to determine, among other things, whether the complaint states any claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court

1

treats as true all well-pled factual allegations and construes all reasonable inferences in plaintiff's favor.  See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12-13 (1st Cir. 2011). The court may also consider "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted).  The court may dismiss a pro se plaintiff's case at any time if the complaint fails to state a claim on which relief may be granted, the defendant is immune from the relief sought, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2).

## II.  **Background**

### A.  **Report of criminal trespass**

On April 7, 2019, Darren Brady parked his vehicle in a tenant parking lot located at 4 Elm Street, Lancaster, New Hampshire, while visiting his friend, Donald Wells, who resided at that address.  See Compl. (Doc. No. 1, at 3).  The building's landlord, Theresa Blaisdell, a non-party to this litigation, noticed Brady's car in the tenant parking lot and asked him to leave.  Brady did not comply, prompting Blaisdell to contact the Lancaster, New Hampshire Police Department ("LPD") to remove Brady from the property.  See Criminal Compl., State v. Brady, No. 451-19-CR-194 (N.H. Cir. Ct., 1st Cir., Dist. Div. – Lancaster) (Doc. No. 1-1, at 9).

LPD Officer Matthews (and possibly other officers) arrived at the apartment building thereafter and allegedly blocked part of the driveway exit with a police vehicle.  According to Brady, Matthews refused to leave him alone, causing him to fear for his life.  Brady Handwritten Notes (Doc. No. 1-1, at 23-25).  Brady further alleges that he attempted to record and broadcast the encounter on a civil-rights-group-affiliated social media application, and that he called the Lancaster Sheriff's Department for help against the LPD.  Id.; see also Brady Handwritten Notes (Doc. No. 1-1, at 4-14).  Though the complaint is unclear on what exactly occurred after the LPD arrived, it appears that Brady was eventually able to maneuver around the LPD's parked vehicle and drive away from the apartment building without arrest or sustained police pursuit.

B.    **Initiation of criminal process**

On April 23, 2019, Officer Matthews executed a criminal complaint against Brady for criminal trespass and disorderly conduct, both Class B misdemeanors.  Criminal Compl., State v. Brady, No. 451-19-CR-194 (Doc. No. 1-1, at 9).  Court records for that criminal proceeding indicate that the complaint was filed in that case on May 23, 2019, and that on the same day, the Circuit Court either released Brady or permitted him to remain on personal recognizance pending his arraignment.  See Case Summary, id. (Doc. No. 1-5, at 4).

3

Brady claims that Matthews and the LPD prosecutor, Wendy Roberts, presented a falsified "TENANTS ONLY" sign to the Circuit Court in order to obtain an arrest warrant for Brady and unlawfully initiate criminal process against him.  Compl. (Doc. No. 1, at 3); see also Picture of "TENANTS ONLY" Parking Sign (Doc. No. 1-1, at 18); June 28, 2020 Statement of Lori Wells (Doc. No. 1-1, at 17) (unsworn written statement asserting that the "TENANTS ONLY" caution sign is not the original sign for the 4 Elm Street apartment building parking lot).  He further maintains that, at the time of the April 7 incident, there were no visible signs in the parking lot stating that the parking spaces were only for tenants and permitted visitors of tenants. Compl. (Doc. No. 1, at 3).

On September 30, 2019, the Circuit Court held a trial on the criminal trespass and disorderly conduct charges, as well as on an indecent exposure charge for events occurring at the 4 Elm Street apartment complex in May 2019.[1]  See Case Summary, State v. Brady, Nos. 451-19-CR-194 & -198 (Doc. No. 1-5, at 1-5).  The court found Brady not guilty on the indecent exposure charge.

---

[1] In addition to the instant lawsuit, Brady filed a second complaint in this court against a set of defendants that includes two of the defendants here (Wendy E. Roberts and Ed Samson), concerning an allegedly false arrest in May 2019.  See Brady v. Roberts et al., No. 20-cv-209-SM (ECF No. 1).  The court takes judicial notice of that case and the documents submitted by Brady therein to aid its understanding of Brady's instant claims for purposes of this preliminary review.

Id.  Additionally, it dismissed the criminal trespass and disorderly conduct charges for lack of prosecution.  Id.

C.  **Brady's claims for relief in this case**

1.  Violations of Criminal Law

In his complaint, Brady cites several state and federal criminal statutes and regulations as claims for relief, including: (1) N.H. Rev. Stat. § 641:5 (tampering with witnesses and informants); (2) 18 U.S.C. § 1503 (obstruction of justice); (3) N.H. Rev. Stat. § 641:6 (falsifying physical evidence); (4) 18 U.S.C. § 241 (conspiracy against rights); (5) 18 U.S.C. § 1503 (influencing or injuring officer); (6) 18 U.S.C. § 1510 (obstruction of criminal investigation) ; (7) 18 U.S.C. § 1512 (tampering with a witness, victim, or informant); (8) 18 U.S.C. § 1513 (retaliating against a witness, victim, or informant); (9) 18 U.S.C. § 1519 (tampering with evidence); (10) 18 U.S.C. § 1519 (destruction of records); and (11) 25 C.F.R. § 11.440 (fabricating physical evidence).  Brady – a private individual – cannot prosecute persons on criminal charges through a civil complaint filed in federal district court under 42 U.S.C. § 1983.  "Private citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advert'd Price Antitr. Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (alterations omitted).  Because Brady cannot

state a private cause of action based on the defendants' alleged
violation of criminal laws, the district judge should dismiss
Brady's claims based on the defendants' allegedly criminal
conduct.

2.   <u>Malicious prosecution.</u>

    The court construes the remainder of Brady's pro se
complaint liberally to determine whether it states any other
claims for relief that survives preliminary review.  Construed
liberally, Brady's allegations appear to assert that that the
defendants maliciously prosecuted him, in violation of his
Fourth and/or Fourteenth Amendment rights and state law, by
presenting a false "TENANTS ONLY" sign to the Circuit Court in
order to initiate criminal process against him.  In his view,
the prosecution was part of a pattern of malicious and false
actions by state officials, which he has allegedly succeeded at
defeating on at least some occasions.  <u>See</u> Brady Handwritten
Notes, <u>Brady v. Roberts</u>, No. 220-cv-209-SM (ECF. No. 1-1, at
27).

3.   <u>False arrest.</u>

    Construing his allegations liberally, Brady similarly
appears to contend that the defendants violated his Fourth and
Fourteenth Amendment rights and his rights under state law by
unreasonably seizing his person in connection with his allegedly
false arrest for criminal trespass and disorderly conduct.

III. **Analysis**

The court finds that Brady has sufficiently stated two
claims upon which relief may be granted that survive preliminary
review: (1) malicious prosecution and (2) false arrest.  As
detailed below, service of these claims is directed to
defendants Roberts and Matthews without prejudice to their
ability to move to dismiss on any proper basis.

A.   **Dismissal of defendant Ed Samson**

In his complaint, Brady names Ed Samson, the Town Manager
of Lancaster at the time of the above-alleged events, as a
defendant.  Brady does not allege that Samson engaged in or
contributed to any actions that violated his constitutional
rights.  Accordingly, the district judge should dismiss Brady's
claims to the extent they are asserted against Samson and drop
Samson as a defendant in this case.

B.   **Claim 1: Malicious prosecution**

The court construes Brady's complaint as contending that
the defendants maliciously prosecuted him in violation of his
Fourth and Fourteenth Amendment rights, as well as his rights
under state law.  "[A] plaintiff may bring a suit under § 1983"
against State officials for a  malicious prosecution claim if he
or she "can establish that: 'the defendant (1) caused (2) a
seizure of the plaintiff pursuant to legal process unsupported
by probable cause, and (3) criminal proceedings terminated in

7

plaintiff's favor.'" Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (citation omitted).  Similarly, under state law, the elements of malicious prosecution are: "(1) the plaintiff was subjected to a criminal prosecution . . . instituted by the defendant; (2) without probable cause; (3) with malice; and (4) the prior action terminated in the plaintiff's favor." Farrelly v. City of Concord, 168 N.H. 430 (2015).

Here, Brady alleges that Roberts and Matthews successfully initiated criminal process against him, based upon personal animus and information that they knew to be false, by presenting knowingly falsified documentary evidence and testimony regarding a "TENANTS ONLY" caution sign to the Circuit Court.  Brady's submitted court records further show that the criminal proceedings based on this purportedly falsified evidence terminated in Brady's favor.  These and other allegations in the complaint are sufficient to state claims for malicious prosecution under the federal constitution and state tort law that survive preliminary review.  In an Order issued this date, the court has directed service of Brady's malicious prosecution claims against Roberts and Matthews.

C.  **Claim 2: False arrest and false imprisonment claims**

The court also construes Brady's complaint as contending that the defendants violated his rights by unreasonably seizing

his person in connection with the allegedly false arrest for criminal trespass and disorderly conduct. "The Fourth Amendment protects '[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures.'" Manuel v. City of Joliet, 137 S. Ct. 911, 917 (2017). "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." Bailey v. United States, 568 U.S. 186, 192 (2013) (internal quotation marks and citation omitted). To assert a false arrest claim under the Fourth Amendment, a plaintiff must state facts showing that he was arrested without probable cause. See id. Similarly, to prevail on a state law claim for self-imprisonment, a plaintiff must demonstrate that "(1) the defendant acted with the intent of confining him or her within boundaries fixed by the defendant; (2) the defendant's act directly or indirectly resulted in the plaintiff's confinement; (3) the plaintiff was conscious of or harmed by the confinement; and (4) the defendant acted without legal authority," such as probable cause. Ojo v. Lorenzo, 164 N.H. 717, 726 (2013) (citations omitted); see also Wallace v. Kato, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter. 'Every confinement of the person is an imprisonment[.]'" (internal citation omitted)).

Here, Brady alleges that Roberts and Matthews successfully sought a warrant for his arrest based upon personal animus and information that they knew to be false – specifically, falsified documentary and testimonial evidence concerning a "TENANTS ONLY" parking sign; that as a result of his arrest, he was detained for some unspecified period of time pretrial; and that he has been unable to find work in his chosen field and has suffered economic, mental, and emotional harm due, in part, to this arrest and detention.  These and other allegations, taken as true for purposes of initial review, sufficiently state claims, under federal constitutional and state tort law, for false imprisonment and false arrest that survives preliminary review. In an Order issued this date, the court has directed service of Brady's false imprisonment and false arrest claims against Roberts and Matthews.

## IV.  **Conclusion**

For the reasons set forth in this Order, the district judge should dismiss Claims 1-2, as numbered above, to the extent they are asserted against Ed Samson and drop Samson as a defendant. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See

*Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

January 14, 2021

cc:  Darren Brady, pro se